933 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry STAFFORD, Plaintiff-Appellee,
v.
Rick HALLOCK, Defendant-Appellant.
 No. 90-3932.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant, Rick Hallock, appeals the district court's judgment denying his motion for summary judgment on the basis of qualified immunity in this civil rights action filed under 42 U.S.C. Sec. 1983 by Jerry Stafford, a pro se Ohio prisoner. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and monetary relief, Stafford sued Hallock, a Unit Manager at the Ohio State Reformatory, in his individual capacity for allegedly violating Stafford's eighth amendment right to be free from assault by other inmates. Stafford alleged that his cellmate, Radovic, threatened him with physical harm and that he personally reported these threats to Hallock on two occasions, requesting transfer to another cell. Hallock did not transfer Stafford, or even investigate the reported threats. On or about June 14, 1988, Radovic allegedly assaulted Stafford with a combination lock within their cell. Stafford suffered head injuries which required stitches and resulted in scarring. Stafford claimed that Hallock was deliberately indifferent to the known threat or, in the alternative, grossly negligent in failing to act when informed of the threat.
 
 
 3
 In his motion to dismiss or for summary judgment, Hallock raised a number of defenses, including qualified immunity. Hallock characterized the alleged assault as a fight instigated by Stafford and also argued that Stafford could establish no more than mere negligence in Hallock's failure to investigate Stafford's oral reports of possible trouble.
 
 
 4
 The district court, in an opinion filed on August 3, 1990, denied Hallock's motion. The court found that material facts were in dispute which were sufficient to defeat the motion for summary judgment. It also found that at the time Stafford's claims arose, the right of an inmate to bring a Sec. 1983 action against a prison official for gross negligence or deliberate indifference resulting in a deprivation of eighth amendment protections was well established, thus precluding a grant of qualified immunity. Hallock's motion for reconsideration was denied in a judgment filed on October 3, 1990.
 
 
 5
 On interlocutory appeal, Hallock argues that the district court erred in its refusal to grant him qualified immunity.
 
 
 6
 Upon review, we affirm the district court's judgment because a prisoner's right to be protected from assault at the hands of another inmate was sufficiently clear at the time this claim arose such that a reasonable official would have understood that his action (or in this case, inaction) violated that right. See Anderson v. Creighton, 483 U.S. 635, 640 (1987).
 
 
 7
 Because a motion for summary judgment requires that all factual inferences are to be resolved in favor of the non-moving party, the district court did not err in concluding that a jury could find that Hallock was grossly negligent or deliberately indifferent to a threat of serious injury to Stafford. Summary judgment on the basis of qualified immunity was therefore properly denied at this time. See Walker v. Norris, 917 F.2d 1449, 1453 n. 7 (6th Cir.1990); Stewart v. Love, 696 F.2d 43, 43-44 (6th Cir.1982) (per curiam).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed for the reasons stated by the district court in its memorandum opinion filed on August 3, 1990. Rule 9(b)(3), Rules of the Sixth Circuit.